IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BECKY BURLINGHAM,                                      3:13-cv-01030-MA

              Plaintiff,                            OPINION AND ORDER

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

           Defendant.


MERRILL SCHNEIDER
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, Oregon 97293

    Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

COURTNEY M. GARCIA
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

    Attorneys for Defendant


1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, Becky Burlingham, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). See 42 U.S.C. §§ 401-434. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I affirm the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on September 9, 2009, alleging disability beginning August 1, 2004, caused by generalized anxiety disorder, disorders of both feet, high blood pressure, "neck and shoulder from car accident 12/2008," a bulging disc in her back, and a leg contusion. Tr. 154. Plaintiff's date last insured is June 30, 2005. The Commissioner denied Plaintiff's claim initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 19, 2011, at which Plaintiff testified and was represented by counsel. Tr. 36-56. In addition, vocational expert Nancy Bloom was present throughout the hearing and testified. Tr. 53-56.

On June 3, 2011, the ALJ issued a decision denying Plaintiff's application. Tr. 19-28. The Appeals Council declined review and Plaintiff timely appealed to this court. Tr. 1-3.

///

## FACTUAL BACKGROUND

Born on March 22, 1958, Plaintiff was 51 years old on the application date and 53 years old on the date of the hearing. Tr. 150. Plaintiff has a high school diploma, earned an associate degree in marketing, and has her realtor license. Tr. 159. Plaintiff has past relevant work as an Administrative Assistant, Retail Clerk, and Real Estate Agent. Tr. 26-27.

In addition to her hearing testimony, Plaintiff submitted an Adult Function Report. Tr. 161-68. Plaintiff's mother, Virginia I. Sikes, submitted a Third Party Function Report. Tr. 178. Although the record does not contain the opinion of any treating or examining physician, it does contain a disability determination from the Department of Veteran Affairs (VA). Tr. 519-21.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period between her alleged onset date of August 1, 2004, and her date last insured on June 30, 2005.  See 20 C.F.R. §§ 404.1571 *et seq.*; Tr. 21.

At Step Two, the ALJ found that Plaintiff's pes planus, neuromas in the feet post surgery, hammertoes post surgery, urinary incontinence resulting from bladder prolapse repaired in 2005, and anxiety were severe impairments.  See 20 C.F.R. §§ 404.1520(c); Tr. 21.

At Step Three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; Tr. 21-22.

The ALJ found Plaintiff has the residual functional capacity (RFC) to perform sedentary work, except that Plaintiff is further limited to occasional climbing of ramps and stairs; frequent balancing, stopping, kneeling, crouching, or crawling; unskilled work with routine tasks; and superficial interaction with the general public and coworkers.  Tr. 22-26.

At Step Four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  See 20 C.F.R. §§ 404.1565; Tr. 26-27.

At Step Five, however, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform,

including Semiconductor Wafer Breaker, Microfilm Document Preparer, and Addressor.  See 20 C.F.R. §§ 404.1569, 404.1569a; Tr. 27-28.

Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Act.

## ISSUES ON REVIEW

Plaintiff raises two issues on review.  First, Plaintiff argues the ALJ cited insufficient reasons to discount the VA disability determination.  Second, Plaintiff maintains the ALJ improperly rejected Ms. Sikes' testimony.

## STANDARD OF REVIEW

The Court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The Court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  Andrews, 53 F.3d at 1039-40.  If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for

that of the Commissioner." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

### I. <u>VA Disability Determination</u>

"[A]n ALJ must ordinarily give great weight to a VA disability determination." <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002). "Because the VA and [Social Security Administration] criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." <u>Id.</u>

The VA disability determination found Plaintiff disabled beginning July 28, 2004 exclusively on account of her foot conditions. Tr. 520. The VA gave Plaintiff an "overall or combined rating" of 60% disabled, which entitled Plaintiff to a 100% rate of disability. Tr. 520.

The ALJ rejected the VA's disability findings for three reasons. First, the ALJ noted that the Commissioner's disability determinations do not follow the percentage-based disability system the VA employs. Tr. 26. Second, the ALJ noted that the lone medical record attached to the disability determination was ambiguous and appeared to rely on Plaintiff's allegation of when she became disabled rather than the physician's judgment. Tr. 26. Finally, the ALJ rejected the VA's disability determination because

6 - OPINION AND ORDER

Plaintiff's "extensive activities of daily living" were inconsistent with a disability finding based on her foot conditions. Tr. 26. I conclude the ALJ's third reason is a "persuasive, specific, and valid" reason, "supported by the record" to reject the VA's disability determination. See McCartey, 295 F.3d at 1076.

At the outset, I note the ALJ's first two reasons for discounting the VA disability determination are insufficient. The citation of differences between the Commissioner's and the VA's rules governing disability determinations is not by itself a valid reason to discount the VA's disability determination. Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010). As to the ALJ's second reason, while I agree that the medical record attached to the disability determination is ambiguous, its attachment to the disability determination is clearly mistaken, as the medical record is dated September 2, 2009; more than five years after the VA made its disability determination. Tr. 522. A mistakenly attached medical record does not undercut the substance of the VA disability determination as it related to the Commissioner's determination.

The ALJ's citation to inconsistency with Plaintiff's activities of daily living for discounting the VA disability determination, however, is a compelling reason to discount the VA disability determination. As noted above, the VA found Plaintiff completely disabled based on her bilateral foot conditions. Tr.

7 - OPINION AND ORDER

520. The record, however, contains several references to Plaintiff participating in activities that are manifestly inconsistent with being unable to perform any work available in significant numbers in the national economy on account of foot problems.

On April 13, 2006, Plaintiff reported that a new boyfriend "takes her to the movies, to play golf, and to go dancing." Tr. 437. Similarly, on June 29, 2009, Plaintiff reported she was "learning to play golf." Tr. 268. Golfing and dancing are clearly inconsistent with allegedly disabling foot conditions. In May of 2004, Plaintiff took an eight-day road trip with her ex-boyfriend. Tr. 491. In June of 2008, Plaintiff took a 4300-mile cross-country road trip. Tr. 340. Plaintiff's ability to sit for the periods of time necessary to take such extended road trips suggests Plaintiff's foot conditions would not preclude her from sedentary work. On March 13, 2008, Plaintiff reported walking "on the treadmill a couple of times in the last week." Tr. 355. On May 20, 2009, Plaintiff reported that she "did some yard work over the weekend" without noting that she was limited by her feet. Tr. 282. Finally, on October 15, 2010, Plaintiff noted she had "been very active lately."[1] Tr. 1023.

---

[1] Although many of these references occurred after Plaintiff's date last insured, there is no evidence in the record that Plaintiff's foot conditions improved or otherwise changed significantly between the date of the VA disability determination, the relevant period of disability for Social Security purposes, and the dates Plaintiff reported engaging in the above activities. Thus, Plaintiff's later participation in

These activities, along with those described in Plaintiff's testimony and Adult Function Report, are inconsistent with a finding that Plaintiff could not perform any work available in significant numbers in the national economy because of her foot conditions. The ALJ's citation to Plaintiff's activities of daily living, then, was a persuasive, specific, and valid reason, readily supported by substantial evidence, to discount the VA disability determination in favor of an RFC that limited Plaintiff to sedentary work. See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694-95 (9th Cir. 2009)(affirming an ALJ's rejection of a VA disability determination despite the legal inadequacy of some of the ALJ's reasons). The ALJ properly considered the VA disability determination.

## II.  Lay Testimony

Plaintiff next asserts that the ALJ cited insufficient reasons to reject the testimony of Plaintiff's mother, Ms. Sikes. Lay testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence that an ALJ must take into account. Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012). To discount lay witness testimony, the ALJ must give reasons that are germane to the witness. Id.

---

activities inconsistent with disabling foot conditions is strong circumstantial evidence that Plaintiff's foot conditions were not disabling within the relevant period.

Ms. Sikes submitted a Third Party Function Report dated October 5, 2009, in which she reported she is not familiar with what Plaintiff does on a day-to-day basis aside from what Plaintiff tells her. Tr. 178. Nonetheless, Ms. Sikes reported it takes Plaintiff "time . . . to get up and around." Tr. 178. Ms. Sikes noted that as a result of her conditions, Plaintiff is no longer able to walk, ride a bicycle, or work in the yard. Tr. 179. Ms. Sikes reported that Plaintiff can cook simple meals, although she can no longer cook large meals, and can do light cleaning and laundry. Tr. 180. Ms. Sikes noted that she does not know how often Plaintiff goes outside, but that Plaintiff does go shopping for groceries once per week. Tr. 181.

Ms. Sikes reported that Plaintiff reads and watches television, but only if she can sit long enough, and cannot do much else. Tr. 182. As to Plaintiff's social activities, Ms. Sikes reported that Plaintiff socializes on the telephone and computer, but she did not know how often. Tr. 182. Ms. Sikes reported that Plaintiff has difficulty getting along with friends and family because she lacks patience. Tr. 183.

As to Plaintiff's abilities, Ms. Sikes checked that Plaintiff's conditions affect her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, concentrate, and get along with others. Tr. 183. Ms. Sikes reported that she did not know how long Plaintiff can walk or how

10 - OPINION AND ORDER

much she can lift.   Tr. 183.   Ms. Sikes, however, noted that Plaintiff can only walk for one-half of a block before needing to rest for between five and ten minutes.   Tr. 183.   Finally, Ms. Sikes reported that Plaintiff handles stress poorly, and in the past Plaintiff has started to drive to visit Ms. Sikes only to turn around and return home.   Tr. 184.

The ALJ rejected Ms. Sikes' testimony because Ms. Sikes "lacks the expertise objectively to evaluate the claimant's medical conditions," and because Ms. Sikes' reports are based on Plaintiff's subjective complaints and statements regarding symptoms and limitations.   I conclude the second of these reasons is a germane reason to reject Ms. Sikes' testimony.

At the outset, I note that lack of medical expertise is not a germane reason to reject the lay witness's testimony.   The witness's lack of medical expertise is, by definition, why it is considered lay witness testimony.   "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."   Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

The ALJ's rejection of Ms. Sikes' testimony because it was based on Plaintiff's subjective reporting, however, is a germane reason.   Indeed, Ms. Sikes reported several times throughout the course of the Function Report that she was not personally familiar with important aspects of Plaintiff's functionality, including

11 - OPINION AND ORDER

Plaintiff's daily activities, the length of time Plaintiff can walk, or the amount Plaintiff can lift. Tr. 178, 183. In response to the question about how often Plaintiff goes outside, Ms. Sikes noted she did not know because she is "not there." Tr. 181. Considering Ms. Sikes' admissions of lack of familiarity with Plaintiff's daily activities and some important functional limitations, it was reasonable for the ALJ to conclude much of Ms. Sikes' opinion was based on Plaintiff's unreliable self-reporting.[2] Accordingly, the ALJ did not commit harmful error in his consideration of the lay testimony.

<u>CONCLUSION</u>

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this _28_ day of May, 2014.

Malcolm F. Marsh
United States District Judge

---

[2] Plaintiff does not challenge the ALJ's adverse finding as to Plaintiff's credibility.

12 - OPINION AND ORDER